# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2854 | **DATE** | 3/8/2011 |
| **CASE TITLE** | Timothy Ross vs. Derwin L. Ryker | | |

**DOCKET ENTRY TEXT**

Petitioner's writ of habeas corpus is dismissed.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Petitioner Timothy Ross, a prisoner at the Lawrence Correctional Center in Sumner Illinois, has filed a three-count petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an answer seeking to dismiss the petition.

    On October 19, 2006, after a bench trial, Ross was found guilty of residential burglary and burglary to a motor vehicle. He was sentenced to two concurrent 18 year prison terms. On appeal, he raised one argument, a claim that the evidence was insufficient to support the verdict. The Illinois Appellate Court rejected this argument by finding that the evidence presented to the trial court supported the conviction. *See People v. Ross*, No. 1-06-3477 (Ill. App. 2008) (Ex. A). Thereafter, petitioner filed a petition for leave to appeal with the Illinois Supreme Court and again only raised one issue, the sufficiency-of-evidence claim. On May 29, 2008, the Illinois Supreme Court denied the petition. *People v. Ross*, No. 106111 (2008) (Ex. G). On July 25, 2008, petitioner filed a postconviction petition, raising his sufficiency-of-evidence claim as well as claims for ineffective assistance of trial and appellate counsel. After the trial court dismissed the petition on October 15, 2008, petitioner did not file an appeal with the appellate court nor a petition for leave to appeal with the Illinois Supreme Court. Thereafter, petitioner filed his habeas petition. He alleges the same claims as he did in his postconviction petition.

    Respondent raises several arguments for dismissal. The first is that this Court should decline to reach petitioner's claims under the concurrent-sentences doctrine. Specifically, petitioner received two, concurrent, eighteen year sentences, one each for his residential-burglary conviction and one for his burglary-to-a-motor-vehicle conviction. However, he has not challenged the latter conviction, meaning that any habeas relief would not alter the terms of his confinement. Based on this reason, respondent argues, we should not reach his claims. *See* Resp. Answer at 9 (citing *Cheeks v. Gaetz*, 571 F.3d 680, 689-90 (7th Cir. 2009) and other cases). Second, respondent argues that petitioner procedurally defaulted his ineffective assistance claims by failing to present them in a one full round of state court review. In particular, after petitioner presented these claims in his state court post-conviction petition and after the trial court denied those claims, he never

| STATEMENT |
|---|

appealed the order, nor filed a petition with the Illinois Supreme Court. Although a court may excuse procedural default if cause and prejudice are shown, respondent argues that petitioner fails to offer any such evidence. Finally, in its third argument, respondent asserts that the Illinois Appellate Court's holding affirming the conviction is consistent with Supreme Court precedent and therefore cannot be considered either contrary to or an unreasonable application of that precedent.

After reviewing respondent's Answer and petitioner's reply, we are fully persuaded by respondent's three arguments. As respondent persuasively argues, the sufficiency-of-evidence claim fails because (among other reasons) the owner of the apartment (Buffington) saw petitioner inside the fenced area behind the victim's condominium, saw petitioner emerging from the gangway leading to that condominium, and saw him carrying the victim's bags. (Resp. Answer at 13.) Moreover, evidence clearly showed that the property petitioner carried away from the condo was inside the condo when the victim left for work earlier in the day. When Buffington began to question petitioner, he made up a false story about visiting his girlfriend and then began to flee. When the police arrived, petitioner hid under the porch and refused to come out, telling the police that "he had a drug problem and that is why he took the stuff." As the trial court held, petitioner's version of events – that he innocently stumbled upon the stolen property while walking in the alley – was not credible in light of the above evidence. (*Id.* at 14, summarizing evidence). In response to this evidence, petitioner argues that Buffington did not specifically observe petitioner climbing in the window, that there was no fingerprint evidence found, and that petitioner did not have the property on him when the police finally got there. These points, even if true, do not create any inconsistency with the prosecution's case and this evidence falls far short of the type of proof needed to show the evidence was insufficient under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which holds that the verdict will be upheld if, after viewing the evidence favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As for the first two arguments raised by respondent, petitioner spends little time on them and raises no serious challenge to either of them. In sum, for the reasons stated above, and for the additional reasons set forth in the respondent's answer, the petition is dismissed.